UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

TROY AUTIN                   :          **CIVIL ACTION NO. 13-CV-2804**
       OC #452745                                 **SECTION P**

**VERSES**                     :          **JUDGE MINALDI**

**GEO GROUP, INC., ET AL**         :          **MAGISTRATE KAY**

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Troy Autin (hereinafter "Autin"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is currently incarcerated at David Wade Correctional Center (hereinafter "DWCC") in Homer, Louisiana but, he complains of events that occurred during his incarceration at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana.

Autin names the following defendants:  ACC Medical Director Angela Easom; ACC nurses Morgan and Damika Harmon; ACC Warden Terry Terrell; and ACC Captain King.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

I.
BACKGROUND

A. *Original Complaint*

Autin states that, prior to his incarceration, he was diagnosed with "irregular veins" behind his eyes that could cause swelling and an aneurism.  Doc. 1, att. 1, p. 1.  The condition also caused him to have nose bleeds, blurred vision, and hearing problems. Doc. 1, att. 1, p. 2. Autin claims that he

---

[1] Autin dismissed his claims against GEO Group, Inc., and Allen Correctional Center.  Doc. 12, p. 5.

complained about this problem to ACC officials and medical staff but alleges that his requests for medical treatment were denied, ignored, and/or refused. Doc. 1, att. 1, p. 2.

Autin does, however, state that he was seen by Dr. Harrison, who twice referred him to an ENT specialist. Doc. 1, att. 1, pp. 3, 4.   Despite the referrals, he contends that defendants Easom and Terrell did not allow him to see the ENT.  *Id.*  Autin further contends that despite heavy nose bleeds on August 9, 2013, and August 28, 2013, a nurse informed him that defendant Harmon stated that there was no reason for him to see the ENT.  Doc. 1, att. 1, p. 5.  Autin also states that defendant Harmon refused to see him.  Doc. 1, att. 1, p. 4.

Additionally Autin complains about an incident that occurred on June 8, 2012, in which he claims that he broke his finger and was denied medical care for five days.   Doc. 1, att. 1, p. 5. Specifically, he states that defendant King told him that it was not a big deal and also prevented him from going to the hospital.  Doc. 1, att. 1, pp. 5, 8.  Autin further claims that defendant Morgan denied him medical care when he broke his finger and also allowed security officers to "dictate her actions." *Id.*

### B. Amend Order and Amended Complaint

Autin provided little factual information in support of the above allegations and the alleged actions of the defendants.  Accordingly this court issued a memorandum order directing him to amend his complaint.  Doc. 11.  Specifically he was advised that his medical care claims were insufficient to support his allegations that a constitutional violation had occurred; that the claim relating to his broken finger had prescribed due to the expiration of the one-year prescriptive period for personal injury actions; that his claim for injunctive relief appeared moot as he had been transferred from ACC; and that his claims against ACC and GEO Group, Inc. were subject to dismissal based on lack of juridical status (ACC) and supervisory liability (GEO Group, Inc.).  *Id.*

In response to the order, Autin filed an amended complaint [doc. 12], wherein he dismissed his claims against ACC and GEO Group, Inc., as well as his claim for injunctive relief. However, his amended complaint did not cure the remaining deficiencies noted.  Thus, accepting all of Autin's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## II.
### LAW AND ANALYSIS

#### A. *Frivolity Review*

Autin has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 7. Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

#### B. *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been

alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

A constitutional violation occurs only when two requirements are met.  First, the prison official's act or omission must result in a deprivation that is sufficiently serious, such that it results in the denial of "the minimal civilized measure of life's necessities" or denies the prisoner some basic human need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Setter*, 501 U.S. 294, 304 (1991).  Second, the court must determine that the prison official responsible for the deprivation has been "'deliberately indifferent' to inmate health or safety." *Farmer,* 511 U.S. at 834. A finding of deliberate indifference requires a finding that a prison official was personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed in undertaking the act or omission complained of, and that he or she actually drew that inference. *Id.* at 837.

### C.  Medical Care

Autin's allegations simply do not rise to the level of cruel and unusual punishment under the Eight Amendment, even to the extent that he is attempting to allege that his medical care was inadequate.  In order to prevail on such claims, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas,* 245 F.3d

447, 458–59 (5th Cir. 2001).  "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not, in fact perceive, is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson,* 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner," and so the prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 103 & 106; *Hare v. City of Corinth, Miss*., 74 F.3d 633, 650 (5th Cir. 1996). The official must have a subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003).  In other words, deliberate indifference (i.e., a subjective intent to cause harm), cannot be inferred merely from a prison official's failure to act reasonably. *Hare,* 74 F.3d at 649.

Furthermore, a plaintiff's mere disagreement with what medical care is appropriate or with the course of treatment offered by the medical staff will not, alone, suffice to state a claim of deliberate indifference to serious medical needs.  *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997). In *Woodall v. Foti,* 648 F.2d. 268, 272 (5th Cir.1981), the Fifth Circuit stated that the applicable standard requires a balancing of the needs of the prisoner with the needs of the penal institution, and the test is one dependent on medical necessity rather than desirability.

Additionally, the fact that a plaintiff does not believe his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Id*. Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of

treatment does not elevate a claim to constitutional dimensions. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). Similarly, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. M*ayweather v. Foti,* 958 F.2d 91 (5th Cir.1992).

In the instant case, the information contained in Autin's complaint and amended complaint shows that plaintiff received medical treatment, including doctor's visits and treatment at a hospital. Autin's allegations, at most, state a disagreement between him and the medical staff regarding the procedures necessary to treat his medical issues.

As previously stated, such claims are insufficient to establish that a constitutional violation has occurred.  Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison.  See *Shaw v. Murphy*, 532 U.S. 223 (2001).  Decisions with respect to the medical treatment of prisoners are best left to the prison officials qualified to make those decisions.

Therefore, we find that Autin has not alleged facts sufficient to establish deliberate indifference and his claims should be dismissed.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Autin's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

   **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

   THUS DONE AND SIGNED in Chambers this 14th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE